IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SORRELL, | No. C 09-05888 SI |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| GARY SWARTHOUT, et al., | |
| Respondents. | |

**INTRODUCTION**

Anthony Sorrell, an inmate at California State Prison Solano, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

Sorrell's petition provides the following information: Sorrell was convicted in San Mateo County Superior Court of aggravated assault and witness intimidation. In August 2006, he was sentenced to an aggregate term of 13 years and 8 months. Sorrell appealed, and the convictions were affirmed by the California Court of Appeal in July 2008. His petition for review was denied by the California Supreme Court in September 2008. He did not seek collateral relief in state court before filing this action.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. Summary dismissal of a petition for writ of habeas corpus is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citations omitted).

The single claim alleged in Sorrell's habeas petition is that there was insufficient evidence to support his convictions, in violation of his right to due process. This claim is cognizable in a federal habeas action and is not vague, conclusory, or plainly incredible or frivolous. The petition therefore warrants a response.

## CONCLUSION

For the foregoing reasons, the Court hereby finds and orders as follows:

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **60 days from the date of this order**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **30 days from the date of receipt of respondent's answer**.

**IT IS SO ORDERED.**

Dated: July 29, 2010

SUSAN ILLSTON
United States District Judge

2